# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EMILIO AGUIRRE, III,

    Plaintiff,

    v.                                            Case No. 08-C-1110

CORRECTIONAL OFFICER RICK WITEK,
and "JANE DOE" NURSES,

    Defendants.

## DECISION AND ORDER

On December 22, 2008, the plaintiff, who is now incarcerated at Dodge County Correctional Institution, filed a <u>pro se</u> civil rights complaint under 42 U.S.C. § 1983. On August 21, 2009, defendant Rick Witek filed a motion for summary judgment. Subsequently, the court granted the plaintiff's motion for extension to time to conduct additional discovery limited to the issue of exhaustion of administrative remedies and the identification of the Jane Doe nurses. On November 30, 2009, the plaintiff filed a motion to appoint counsel and on December 18, 2009, he filed what is captioned "Motion for Discovery." These motions will be addressed herein. The defendant's motion for summary judgment will be addressed in a separate decision.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to

United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

## Motion for Counsel

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). While the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether the plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. Pruitt 503 F.3d at 654-55. The plaintiff identifies five attorneys to whom he has written, and while he provides few specifics, it appears that he may have made reasonable efforts to retain counsel. Accordingly, the court will consider the question of "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty." Id. at 655.

The plaintiff has filed a number of documents with the court, including motions for extension of time and to appoint counsel. The plaintiff's filings have been comprehensible, and at this point in the proceedings, it appears that he is competent to litigate the summary judgment question of whether he has exhausted his administrative remedies. Therefore, the plaintiff's motion for appointment of counsel will be denied.

## Motion for Discovery

The December 18, 2009, filing captioned as a "Motion for Discovery" appears to be a set of discovery requests directed to defendant Witek, and does not request any action by the court. In any event, the conference requirement of Civil Local Rule 37.1 (E.D. Wis.) provides:

> All motions for discovery . . . must be accompanied by a written statement by the movant that after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

On January 29, 2010, counsel for defendant Witek filed a response to the plaintiff's discovery motion. She avers that on January 13, 2010, Officer Witek's responses to these discovery requests were served on the plaintiff. Counsel also filed a copy of the correspondence enclosing the responses, the discovery responses and exhibits with her affidavit. Accordingly, it appears that the defendant may have complied with the plaintiff's request. Therefore, at this juncture, the plaintiff's motion for discovery will be denied without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for appointment of counsel (Docket # 31) is hereby **denied**.

**IT IS FURTHER ORDERED THAT** the plaintiff's motion for discovery (Docket # 32) is hereby **denied** without prejudice.

Dated at Milwaukee, Wisconsin this 1st day of February, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge