# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EMILIO AGUIRRE, III,

    Plaintiff,

    v.                                                   Case No. 08-C-1110

CORRECTIONAL OFFICER RICK WITEK,
and "JANE DOE" NURSES,

    Defendants.

## DECISION AND ORDER

Plaintiff Emilio Aguirre, III, who is now incarcerated at Fox Lake Correctional Institution, filed this pro se civil rights complaint under 42 U.S.C. § 1983, and was granted leave to proceed in forma pauperis. He claims that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment while he was held in the Kenosha County Jail. Defendant Rick Witek, a corrections officer, has filed a motion for summary judgment based on the plaintiff's failure to exhaust his administrative remedies. This motion is fully briefed and will be addressed herein.

## ANALYSIS

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, 110 Stat. 1321 (1996), provides that in relevant part that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)a. Section 1997e applies to "all inmate suits, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

In Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008), the court held exhaustion of administrative remedies is a threshold issue to be resolved before addressing the merits of a case. However, plaintiffs are not required to plead exhaustion, as "the failure to satisfy this requirement is an affirmative defense." Pavey, 544 F.3d at 740-41, citing Jones v. Bock, 549 U.S. 199 (2007); see also, Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 2000) ("Because failure to exhaust administrative remedies is an affirmative defense, defendants had the burden of pleading and proving the defense.").

The court In Pavey explained the sequence to be followed if exhaustion is contested:

> (1) the district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion (and only to exhaustion) he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits.

544 F.3d at 742. Although the court in Pavey included a hearing as one of the steps in determining whether the plaintiff had satisfied the exhaustion requirement, "there is no reason to conduct an evidentiary hearing" in a "situation [where] there are no disputed facts regarding exhaustion, only a legal question." Doss v. Gilkey, 649 F. Supp.2d 905, 912

(S.D. Ill. 2009).

In this case, it is undisputed that the plaintiff failed to file an inmate grievance concerning his claim that defendant Witek escorted him aggressively and was deliberately indifferent to his medical need. However, there appears to be a dispute regarding the availability of administrative remedies to the plaintiff. Captain Gary Preston of the Kenosha County Sheriff's Department, who works as the Detentions Division Commander, is the custodian of records at the Kenosha County Jail, including inmate files. (Affidavit of Gary Preston [Preston Aff.] ¶¶ 3-4). He avers that inmates are required to submit grievances and appeals on specific forms and are advised of this procedure through the Inmate Rules, Regulations and Information Packet which they receive at the time fo booking. Id. ¶¶ 22-23. The plaintiff acknowledges in a sworn statement that he did not file any grievance relating to his claims. (Plaintiff's Response to Defendants Pertaining to Exhuastion (sic) of my Administrative Remedies for Case [Plaintiff's Response] at 2). However, he avers that "C/O's denied me grievances (sic) forms." Id. at 1. He further avers that "the Plaintiff was not given a chance to write out a grievance form do(sic) to Defendant and co-workers/staff of THE KENOSHA COUNTY JAIL, Denying him the forms to do so. . .." Id.

The Court of Appeals for the Seventh Circuit has stated that "a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "[W]hen prison officials fail to provide inmates with the forms necessary to file an administrative grievance, administrative remedies are not 'available.'" Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) (citing Dale v. Lappin, 376 F.3d 652, 656 [7th Cir. 2004]). The defendant argues that "in Dale, specific evidence

- 3 -

allowed the court to conclude the grievance procedure was unavailable to the prisoner," and that the plaintiff in this case "has introduced no such specific evidence." (Defendant's Reply Brief in Support of Motion for Summary Judgment [Defendant's Reply Brief] at 8. However, although the plaintiff's minimal averments do not permit the court to conclude that he fully exhausted his administrative remedies, they create a factual dispute regarding whether the Jail's administrative remedies were actually available to him.

Under these circumstances, the defendant cannot meet his burden of proof regarding exhaustion based on uncontested facts alone. Pavey directs that "in a case in which exhaustion is contested," the district judge is to "conduct[] a hearing on exhaustion" and resolve the relevant factual issues. 544 F.3d at 742.

Accordingly, two options are available. The court will schedule an evidentiary hearing regarding whether the plaintiff properly exhausted the administrative remedies that were available to him. In the alternative, if the defendant decides to waive the affirmative defense that the plaintiff failed to exhaust his administrative remedies, then the court will reinstate the defendant's motion for summary judgment as to the non-exhaustion issues The court also will issue a scheduling order giving the plaintiff an opportunity to undertake discovery on the merits and to file a response brief on the summary judgment motion. The defendant shall notify the court no later than April 28, 2010, as to whether he wants the court to schedule a Pavey hearing, or to waive the exhaustion of administrative remedies defense.

In addition, the plaintiff previously was permitted to undertake limited discovery to identify the Jane Doe nurses. See Court's Order of November 2, 2009. The plaintiff has

- 4 -

not yet notified the court of their identities. The plaintiff must provide the court with the names and addresses of the Jane Doe defendants prior by April 28, 2010, so that they may be served with a copy of the complaint. Otherwise, the Jane Doe defendants may be dismissed.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion for summary judgment (Docket # 20) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the defendant shall notify the court prior to April 28, 2010, as to whether he wants the court to schedule a Pavey exhaustion hearing or to waive his exhaustion of administrative remedies defense.

**IT IS FURTHER ORDERED** that by April 28, 2010, the plaintiff must provide the court with their names and addresses of the Jane Doe defendants so that they can be served with a copy of the complaint. If the plaintiff fails to name the Jane Doe defendants by this date, the Jane Doe defendants may be dismissed from this action.

Dated at Milwaukee, Wisconsin this 30th day of March, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge