# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EMILIO AGUIRRE, III,

    Plaintiff,

    v.                                          Case No. 08-C-1110

CORRECTIONAL OFFICER RICK WITEK,
NURSE JUDY MILLER,
NURSE BARBARA OBERHART,
NURSE MARKELLA REED,
and NURSE JO ANN MEDLEY,

    Defendants.

## DECISION AND ORDER

Plaintiff Emillio Aguirre, III, who is now incarcerated at Fox Lake Correctional Institution, filed this pro se civil rights complaint under 42 U.S.C. § 1983, and was granted leave to proceed in forma pauperis. He claims that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment while he was held in the Kenosha County Jail in 2008. Initially, the plaintiff did not know the names of some of the defendants, but he eventually identified them as Nurse Judy Miller, Nurse Barbara Oberhart, Nurse Markella Reed, and Nurse Jo Ann Medley ("the nurse defendants"). The nurse defendants have now been served with a copy of the complaint and filed their answer on May 14, 2010.

On April 16, 2010, the court entered a scheduling order regarding the plaintiff's claims against Correctional Officer Witek. See Docket # 44. That order reinstated Officer Witek's motion for summary judgment with respect to arguments regarding deliberate

indifference and qualified immunity. The order also required relevant discovery to be completed no later than **June 16, 2010**, and directed the plaintiff to file a brief responding to Officer Witek's arguments no later than **July 16, 2010**. That order remains in effect. Now, to expedite a resolution of this case, the court also sets forth the following scheduling order regarding the plaintiff's claims against the nurse defendants.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. **Discovery Related to Claims against the Nurse Defendants.** All requests for discovery related to the plaintiff's claims against the nurse defendants shall be served by a date sufficiently early so that all such discovery is completed no later than **August 30, 2010.**

   The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the defendants may depose the plaintiff and any other witness confined in a prison upon condition that, at least fourteen days before such a deposition, defendants serve all parties with the notice required by the rule.

2. **Dispositive Motions Related to Claims against the Nurse Defendants.** Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than **September 30, 2010**, and in accordance with Civil Local Rule 7 (E.D. Wis.). Copies of Rule 56 and Civil Local Rule 7 (E.D. Wis.) are included with this order.

   If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

   The plaintiff is advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, the plaintiff may not rely upon the allegations of the complaint but must introduce affidavits or other evidence to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

3. **Compliance with Court Rules and Orders.** The plaintiff is further advised that failure to make a timely submission or otherwise comply with the court's orders may result in the dismissal of this action for failure to prosecute.

4. **Service.** A copy of **every** paper or document filed with the court must be sent to opposing parties. Fed. R. Civ. P. 5(a).

Dated at Milwaukee, Wisconsin this <u>1st</u> day of June, 2010.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

P:\Transfer\PJG\Aguirre.08cv1110.(PJG)NurseSchedulingOrder.wpd

- 3 -

**Rule 56. Summary Judgment**

**(a) By a Claiming Party.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(b) By a Defending Party.** A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(c) Time for a Motion, Response, and Reply; Proceedings.**

> (1) These times apply unless a different time is set by local rule or the court orders otherwise:
>
>> (A) a party may move for summary judgment at any time until 30 days after the close of all discovery;
>>
>> (B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and
>>
>> (C) the movant may file a reply within 14 days after the response is served.
>
> (2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

**(d) Case Not Fully Adjudicated on the Motion.**

> (1) Establishing Facts. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.
>
> (2) Establishing Liability. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

**(e) Affidavits; Further Testimony.**

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a

sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

(2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

**(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

**(g) Affidavit Submitted in Bad Faith.** If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.

CREDIT(S) (Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007; March 26, 2009, effective December 1, 2009.)

**Civil L. R. 7. Form of Motions and Other Papers**

**(a) Form of Motion and Moving Party's Supporting Papers.** Every motion must state the statute or rule pursuant to which it is made and, except for those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), must be accompanied by:

>**(1)** a supporting memorandum and, when necessary, affidavits, declarations, or other papers; or

>**(2)** a certificate stating that no memorandum or other supporting papers will be filed.

**(b) Non-Moving Party's Response.** For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), any memorandum and other papers in opposition must be filed within 21 days of service of the motion.

**(c) Reply.** For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), the moving party may serve a reply memorandum and other papers within 14 days from service of the response memorandum.

**(d) Sanction for Noncompliance.** Failure to file either a supporting memorandum or other papers, or a certificate of counsel stating that no memorandum or other supporting papers will be filed, is sufficient cause for the Court to deny the motion. Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion. The Court also may impose sanctions under General L. R. 83(f).

**(e) Oral Argument.** The Court will hear oral argument at its discretion.

**(f) Length of Memoranda.** Subject to the limitations of Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice) and Civil L. R. 56 (Summary Judgment Motion Practice), the principal memorandum in support of, or in opposition to, any motion must not exceed 30 pages and reply briefs must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block). No memorandum exceeding the page limitations may be filed unless the Court has previously granted leave to file an oversized memorandum.

**(g) Modification of Provisions in Particular Cases.** The Court may provide by order or other notice to the parties that different or additional provisions regarding motion practice apply.

**(h) Expedited Non-Dispositive Motion Practice.**

>**(1)** Parties in civil actions may seek non-dispositive relief by expedited motion. The motion must be designated as a "Civil L. R. 7(h) Expedited Non-Dispositive Motion." The Court may schedule the motion for hearing or may decide the motion without hearing. The Court may designate that the hearing be conducted by telephone conference call. The Court may order an expedited briefing schedule.

>**(2)** The motion must contain the material facts, argument, and, if necessary, counsel's certification pursuant to Civil L. R. 37. The motion must not exceed 3 pages excluding any caption and signature block. The movant may not file a separate memorandum with the motion. The movant may file with the motion an affidavit or declaration for purposes of (1) attesting to facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The movant's

affidavit or declaration may not exceed 2 pages. The respondent must file a memorandum in opposition to the motion within 7 days of service of the motion, unless otherwise ordered by the Court. The respondent's memorandum must not exceed 3 pages. The respondent may file with its memorandum an affidavit or declaration for purposes of (1) attesting to facts pertinent to the respondent's memorandum and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The respondent's affidavit or declaration may not exceed 2 pages. No reply brief is permitted absent leave of Court.

**(3)** The provisions of subsection (h) do not apply to 42 U.S.C. § 1983 actions brought by incarcerated persons proceeding pro se.

**(i) Leave to file paper.** Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it. If the Court grants the motion, the Clerk of Court must then file the paper.

**(j) Citations.**

**(1)** With the exception of the prohibitions in Seventh Circuit Rule 32.1, this Court does not prohibit the citation of unreported or nonprecedential opinions, decisions, orders, judgments, or other written dispositions.

**(2)** If a party cites an unreported opinion, decision, order, judgment or other written disposition, the party must file and serve a copy of that opinion, decision, order, judgment, or other written disposition.

*Committee Comment: The rule expressly allows the Court to expand the page count if needed, but it does not allow the filing of a memorandum longer than permitted by Civil L. R. 7 unless the Court grants leave before the memorandum is filed. See Civil L. R. 7(g) and (I).*

*The rule also makes clear that declarations made in compliance with 28U.S.C. § 1746 may be used to the same effect as affidavits in supporting motions.*

*Civil L. R. 7(d) specifies that the Court may take action adverse to a party who fails to comply with the motion rules. It also makes clear that the Court may award other sanctions under General L. R. 83(f).*

*Civil L. R. 7(i) is new. The provision addresses the filing of papers, including motions or memoranda, for which leave to file is required. The rule provides that any paper, which may not be filed without the Court's first granting leave to file, must be attached to the motion seeking leave to file that paper. If the Court grants leave to file, the Clerk of Court must then file the paper.*

*Civil L. R. 7(j) addressing "unreported" or non-precedential authorities is also new. The provision clarifies the Court's existing practice of allowing the citation of authorities in addition to those reported in printed national reporters, with the exception of orders whose citation and consideration is prohibited by Seventh Circuit Rule 32.1. Civil L. R. 7(j) additionally requires a party relying on such an authority to file a copy of that authority and serve it on all parties. Notably, with the exception of orders subject to Circuit Rule 32.1, the new provision does not bar the citation of decisions or orders even if a rule would bar the citation of the decision to the court that issued the decision or to any other court. The Court may take limitations on the authority's use before other courts, as well as the "unpublished" or "non-precedential" nature of the authority, into consideration when deciding the weight, if any, to be afforded to the authority.*