# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

---

EMILIO AGUIRRE, III,

        Plaintiff,

      v.                                     Case No. 08-C-1110

NURSE JUDY MILLER,
NURSE BARBARA OBERHART,
NURSE MARKELLA REED,
and NURSE JO ANN MEDLEY,

        Defendants.

---

# DECISION AND ORDER

---

The plaintiff, Emilio Aguirre, III, filed a pro se civil rights complaint under 42 U.S.C.

§ 1983 on December 22, 2008. On October 13, 2010, the defendants filed a motion for

summary judgment and on November 1, 2010, they filed a second motion for summary

judgment. (Docket # 62 and # 64). Neither motion complies with the local rule regarding

the notice to be provided to pro se parties. Civil Local Rule 56(a) (E.D. Wis.) provides:

> (1) If a party is proceeding pro se in civil litigation and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

>> (A) The motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.

>> (B) In addition to the statement required by Civil L. R.

56(a)(1)(A), the text to Fed. R. Civ. P. 56(e) and (f), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 must be part of the motion.

The defendants moved to correct this oversight later on November 1, 2010, by providing copies of certain rules. (Docket # 66). However, this motion is itself defective insofar as it refers to and includes outdated local rules that may not provide accurate information to the plaintiff. This District Court's local rules were amended on January 26, 2010, and contain some differences pertaining to summary judgment proceedings. The Court's new local rules are available on the District Court's website.

The defendant's motions also are deficient as they do not include separate proposed findings of fact in the format required by Civil Local Rule 56(b)(1). In addition they were not filed with a certificate of service as required by Fed. R. Civ. P. 5(d)(1). Consequently, the defendants' motions for summary judgment will be denied without prejudice. The defendants should file a single, consolidated motion that presents all of their arguments for summary judgment. This motion for summary judgment must be filed on or before **December 2, 2010**, must comply with all applicable local rules and must include a certification that the plaintiff has been served with the motion and the supporting documents.

The plaintiff will then be required to file his response to the defendants' summary judgment motion on or before **January 5, 2011**. The defendants' reply brief shall be filed by **January 20, 2011.**

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motions for summary judgment (Docket # 62 and # 64), along with their motion to amend/correct those motions

(Docket # 66) be and hereby are **denied without prejudice**.

**IT IS FURTHER ORDERED** that the defendants must file a single, consolidated motion for summary judgment that complies with all relevant local rules and this order, on or before **December 2, 2010**.

**IT IS FURTHER ORDERED** that the plaintiff must file his response to the defendants' summary judgment motions on or before **January 5, 2011**, and any reply brief by the defendants is due **January 20, 2011**.

Dated at Milwaukee, Wisconsin this 5th day of November, 2010.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge